23-7347-cr
*United States v. Rodriguez*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13ᵗʰ day of January, two thousand twenty-five.

PRESENT:
> JOHN M. WALKER, JR.,
> BETH ROBINSON,
> SARAH A. L. MERRIAM,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                  No. 23-7347-cr

PABLO RENATO RODRIGUEZ, AKA PABLE RENATO RODRIGUEZ,

> *Defendant-Appellant,*

GUTEMBERG DOS SANTOS, AKA SEALED DEFENDANT 1, SCOTT HUGHES, CECILIA MILLAN, JACKIE AGUILAR, KARINA CHAIREZ,

*Defendants.*[*]

---

FOR APPELLANT:                          ANDREW J. FRISCH, Law Offices of
                                        Andrew J. Frisch, PLLC, New York, NY
                                        (Peter Katz, Law Offices of Peter Katz,
                                        LLC, Princeton, NJ, *on the brief*).

FOR APPELLEE:                           CECILIA VOGEL, Assistant United States
                                        Attorney (Kiersten A. Fletcher, Samuel
                                        Raymond, Olga I. Zverovich, Assistant
                                        United States Attorneys, *on the brief*) *for*
                                        Damian Williams, United States
                                        Attorney for the Southern District of
                                        New York, New York, NY.

Appeal from a judgment of the United States District Court for the

Southern District of New York (Daniels, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that this appeal is **DISMISSED**.

Defendant-Appellant Pablo Renato Rodriguez pled guilty to one count of

conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and was

sentenced principally to 144 months' imprisonment. On appeal, he contends his

sentence must be vacated because the government breached the plea agreement

by arguing at sentencing that Rodriguez retained access to proceeds from the

---

[*] The Clerk is respectfully instructed to amend the caption as set forth above.

conspiracy above and beyond the forfeited amount, and in an amount greater than the stipulated loss amount reflected in the plea agreement.  The government contends his appeal should be dismissed based on the appellate waiver in the plea agreement.  We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to dismiss Rodriguez's appeal.

Rodriguez's plea agreement included a waiver of the right to appeal "any sentence within or below the Stipulated Guidelines Range of 188 to 235 months' imprisonment."  Gov't Add. at 4.  He does not dispute that his sentence of 144 months falls within the scope of the waiver, but contends that he is not bound by the appeal waiver because the government breached the plea agreement.

"Waivers of the right to appeal a sentence are presumptively enforceable." *United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011).[1]  Nevertheless, this presumption can be defeated where, among other things, "the government breached the agreement containing the waiver."  *United States v. Burden*, 860 F.3d 45, 51 (2d Cir. 2017).  Rodriguez argues that this exception to the enforceability of

---

[1] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

the appellate waiver applies here. Whether the government's conduct breached the parties' plea agreement such that Rodriguez is not bound by the appeal waiver is thus a threshold question.

"We review interpretations of plea agreements de novo and in accordance with principles of contract law." *United States v. Vaval*, 404 F.3d 144, 152 (2d Cir. 2005). "Moreover, because plea bargains require defendants to waive fundamental constitutional rights, prosecutors are held to meticulous standards of performance." *Id.* at 152–53. "[W]e construe plea agreements strictly against the government and do not hesitate to scrutinize the government's conduct to ensure that it comports with the highest standard of fairness." *Id.* at 152. To determine whether a plea agreement has been breached, "we look both to the precise terms of the plea agreement[ ] and to the parties' behavior." *United States v. Wilson*, 920 F.3d 155, 163 (2d Cir. 2019). "We seek to determine . . . the reasonable understanding and expectations of the defendant" as to the bargained-for sentence. *Id.*

In the plea agreement, Rodriguez agreed to forfeit $65 million, "representing proceeds traceable to the commission of said offense." Gov't Add. at 1. Additionally, the parties' stipulation states, "Pursuant to U.S.S.G.

§ 2B1.1(b)(1)(L), the offense level is increased by 22 levels because the loss was more than $25,000,000 but less than $65,000,000." *Id.* at 2. Rodriguez contends the government breached the plea agreement by arguing at sentencing that he had retained proceeds from the scheme in excess of the $65 million loss to which the parties stipulated, and in excess of the $65 million forfeited pursuant to the parties' agreement. We disagree.

The plea agreement identified a stipulated loss amount, a stipulated Guidelines range, and an agreed-upon forfeiture amount, but did not include a stipulation as to the value at sentencing of the total proceeds Rodriguez received from the scheme. The parties expressly agreed that they would not "seek any departure or adjustment pursuant to the Guidelines that is not set forth herein." Gov't Add. at 3. *And* the agreement specified that both parties were free to "seek a sentence outside of the Stipulated Guidelines Range based upon the factors to be considered in imposing a sentence pursuant to [18 U.S.C. §] 3553(a)." *Id.* at 3. To that end, the plea agreement authorized either party "to present to the Probation Office or the Court any facts relevant to sentencing," and "to make any arguments regarding where within the Stipulated Guidelines Range . . . the

5

defendant should be sentenced and regarding the factors to be considered . . . ."
*Id.*

Here, the government did not seek any adjustments or departures pursuant to the Guidelines, and it did not seek forfeiture of an amount greater than the parties' stipulated forfeiture amount.  Moreover, the government did not represent to the district court that the victims' losses were greater than the stipulated range.

Rather, the government argued to the district court, consistent with the Presentence Investigation Report, that it was unable to locate and recover over 6,000 Bitcoin that Rodriguez had purchased with the proceeds of the underlying scheme.  At the time of the sentencing, that Bitcoin was worth approximately $164 million.  Thus, the government argued, Rodriguez and his family might be able to continue to benefit from a substantial portion of the proceeds of the fraudulent scheme after his release from prison.  In arguing for a below-Guidelines sentence of 160 months, the government emphasized, among other things, that to further specific and general deterrence, the court should sentence Rodriguez to at least 160 months "to send a message to Rodriguez and others

who may be considering engaging in similar conduct that these crimes carry a meaningful consequence."  App'x at 164.

The government's argument was fully consistent with the terms of the plea agreement, which allowed the government to present to the court "any facts relevant to sentencing" and "any arguments regarding . . . the factors to be considered" in sentencing Rodriguez.  Gov't. Add. at 3.

Moreover, Rodriguez's own sentencing arguments reinforce that the government did not breach the parties' agreement by arguing that Rodriguez's actual gain (due to appreciation in the value of the Bitcoin he purchased with the scheme's proceeds) was greater than the stipulated "loss" amount.  Rodriguez argued in his sentencing memorandum that he deserved an even lower below-Guidelines sentence because he voluntarily gave the government over $70 million in Bitcoin and agreed to forfeit property in excess of the victims' collective actual loss, which he argued was about $2.4 million—well below the intended loss reflected in the stipulated Guidelines loss calculation.

Because the government did not breach the plea agreement, the appellate waiver prohibits Rodriguez from challenging the procedural or substantive

reasonableness of his sentence, and we decline to address Rodriguez's remaining arguments.

* * *

For the above reasons, Rodriguez's appeal is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court